UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON DAVIES, | No.  2:16-cv-0203 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On September 15, 2015, plaintiff filed, in the Northern District of California, a pleading styled, "Suit in Equity under the California and Federal Declaratory Judgment Acts."  (ECF No. 1.)  On January 29, 2016, plaintiff's pleading was transferred to the Eastern District.  On March 16, 2016, plaintiff filed a proper request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    As discussed below, the undersigned declines to exercise its discretion to enter a declaratory judgment, and therefore declines to grant plaintiff in forma pauperis status.

////

////

II. Screening

In his pleading, plaintiff asks the court to declare whether the conduct of the California Department of Corrections and Rehabilitation ("CDCR") in denying plaintiff's request for specialized medical care for his eyes deprived him of due process of law. (ECF No. 1 at 5.)

The Declaratory Judgment Act provides, in pertinent part, that:

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). A declaratory relief action requires a district court to consider two issues:

> First, the court must inquire whether there is a case of actual controversy within its jurisdiction. Jurisdiction to award declaratory relief exists only in a case of actual controversy....
>
> Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court "*may* declare rights ... of any interested party." 28 U.S.C. § 2201(a).

American States Ins. Co. v. Kearns, 15 F.3d 142, 143-44 (9th Cir. 1994) (emphasis added). To establish standing under the Act, a plaintiff must present the existence of a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Scott v. Pasadena Unified School Dist., 306 F.3d 646, 658 (9th Cir. 2002).

"[T]he Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority. The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (internal quotation marks and citations omitted). In Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (emphasis supplied), the Supreme Court explained:

> We believe it more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp.

Id.

Here, the court sees no purpose or "usefulness" for a declaratory judgment at this time. The court's own records reveal that on October 6, 2015, shortly after he filed the instant pleading, plaintiff filed a third amended complaint containing virtually identical allegations in his civil rights action, Davies v. De La Vega, 2:14-cv-2831 CKD (E.D. Cal.).[1] In De La Vega, plaintiff is presently pursuing a civil rights action alleging the denial of medical care for his eyes in violation of the Eighth Amendment. De La Vega, 2:14-cv-2831 CKD. In his third amended complaint, plaintiff sought a preliminary order requiring the CDCR to transport plaintiff to U.C. Davis for an eye examination by an independent eye specialist. Id., ECF No. 36 at 3.

In the instant filing, plaintiff claims that he has been suffering from a painful fungal infection in his eyes since August of 2013, which threatens the loss of his vision, but that prison officials refuse to provide an outside referral to an eye specialist who specializes in fungal infections. (ECF No. 1 at 5- 9.) Plaintiff raises the same allegations in his civil rights action. De La Vega, 2:14-cv-2831 CKD (ECF No. 36 at 5-7). Because of the duplicative nature of plaintiff's underlying claims, the court declines to exercise its discretion to enter a declaratory judgment in this case.[2]

Finally, plaintiff claims that this court has jurisdiction based on the settlement agreement reached in Brown v. Plata, 131 S. Ct. 1910 (2011). (ECF No. 1 at 11.) Plata is a class action addressing prisoners' health care in California prisons. However, on July 15, 2013, the Ninth Circuit issued its opinion in Pride, clarifying that "where a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, Plata does not bar the prisoner's claim for injunctive relief." Pride v. Correa, 719

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] In the instant filing, plaintiff claims that the court cannot provide a timely remedy in his civil rights case because it is still pending preliminary review and none of the defendants have been served with process. However, on March 8, 2016, the court found that plaintiff's claims against Dr. Crosson were cognizable and ordered plaintiff to file forms necessary to accomplish service of process. De La Vega, 2:14-cv-2831 CKD (ECF No. 40).

F.3d 1130, 1137 (9th Cir. 2013), citing Plata, 131 S. Ct. at 1910.  "Individual claims for injunctive relief related to medical treatment are discrete from the claims for systemic reform addressed in Plata." Pride, 719 F.3d at 1137.  Thus, plaintiff must pursue his Eighth Amendment claims in his ongoing civil rights action, De La Vega, 2:14-cv-2831 CKD.

Because the court declines to enter a declaratory judgment, the court declines to grant plaintiff leave to proceed in forma pauperis.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that the court:

1. Declines to enter a declaratory judgment and dismisses this action without prejudice; and

2. Declines to grant plaintiff leave to proceed in forma pauperis (ECF Nos. 2, 10).

Dated:  March 18, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0213.23

4